IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| LEE ARTHUR WYNN, | § | |
|---|---|---|
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-3392-L-BN** |
| | § | |
| LORIE DAVIS, *Director*, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court are Lee Arthur Wynn's ("Petitioner") Petition for Writ of Habeas Corpus (Doc. 3), filed December 8, 2016; Lorie Davis' ("Respondent") Response (Doc. 9), filed February 10, 2017; and Petitioner's Reply (Doc. 11), filed February 24, 2017.

On June 8, 2018, United States Magistrate Judge David L. Horan entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court deny the petition. On June 19, 2018, Petitioner timely filed Written Objections (Doc. 13) to the Report.

Having reviewed the record in this case, Report, and applicable law, and, having conducted a de novo review of the Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. As the magistrate judge correctly held, Petitioner's challenge to the state parole board's calculation of his parole eligibility did not result in a decision contrary to clearly established federal law because "Texas prisoners have no protected liberty interest in parole," and, therefore, "they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." *See* Report, at 7 (quoting *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997)). Furthermore, the Supreme Court has held that states have no duty to establish a parole system, and that there is no

constitutional or inherent right to be released before the expiration of a valid sentence. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 11 (1979). Petitioner fails to adequately object to the application of these clearly established holdings to the state parole board's determination of his parole eligibility.

Accordingly, the court **overrules** Petitioner's objections and **dismisses with prejudice** this action for failure to make a substantial showing of the denial of a federal right.

**It is so ordered** this 18th day of September, 2018.

Sam A. Lindsay
United States District Judge